

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

ENTERED
04/20/2010

In re:

Variel Commons-DE, LLC,

Debtor(s).

Case No: 1:10-bk-11108-GM

[Related cases: SV10-13866GM and SV10-13867GM]

Chapter: 11

**COURT WRITTEN TENTATIVE RULING REGARDING CREDITOR CALSARO SOUTH GREEN LTD'S MOTION TO TRANSFER CASES TO THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

Date: April 7, 2010
Time: 10:00 a.m.
Location: Courtroom 303

Court written tentative ruling attached to this cover sheet.

# United States Bankruptcy Court
## Central District of California

**San Fernando Valley**

**Judge Geraldine Mund, Presiding**

**Courtroom 303 Calendar**

Wednesday, April 7, 2010                        Hearing Room 303

**10:00 am**

**1:10-11108**    **Variel Commons-DE, LLC**                             **Chapter 11**

**#22.00**     Calsaro South Green, Ltd's Motion to Transfer Case To the Bankruptcy Court for the Southern District of Texas

                 Docket #: 20

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

     Variel Commons-De, LLC ("DIP") is a single asset debtor and the operator and partial owner (29.75%) of a shopping center in Houston, Texas. Movant, the second lienholder of the Texas property, commenced foreclosure proceedings in Texas. DIP filed this Ch11 in California to stop the foreclosure. [It should be noted that in its opposition Mr. Hayes states that the other two owners (both controlled by Mr. Kaufman) would be filing chapter 11 petitions by 4/1. As of 4/5, one other petition has been filed in this court.]

     Movant asserts that the DIP filed this case in California even though its only asset is located in Texas. Under the totality of the circumstances, transfer of venue to Texas is proper pursuant to 28 U.S.C. 1412 and FRBP 1014(a) because such transfer is for the convenience of the parties and in the interest of justice.

     The factors enumerated in In re Donald, 328 B.R. 192 (9th Cir. BAP 2005) favor transfer in this case: (1) With respect to proximity of creditors to the court, 18 of the top 20 unsecured creditors and all secured creditors are located in Texas; (2) while DIP's address is listed in California, its only asset is located in Texas, DIP has a state court action pending in Texas, and DIP's manager has extensive business affairs in Texas so transfer will not unduly burden the DIP; (3) The proximity of witnesses necessary to the administration of the estate favors transfer as the management, sale, and any leasing of DIP's sole asset will be in Texas and (4) the case will most economically be administered in Texas as any liquidation or reorganization will involve issues related to the value and viability of the Texas property.

     With respect to the interest of justice, the court applies a broad and flexible standard. Generally, what serves the convenience of the parties will also serve the interest of justice. In re Enron, 284 B.R. 376, 386 (Bankr. S.D.N.Y. 2002). Retaining venue in California would make it difficult and expensive for interested parties to participate in the case, and participation is a fundamental predicate of chapter 11.

# United States Bankruptcy Court
## Central District of California

### San Fernando Valley
### Judge Geraldine Mund, Presiding
### Courtroom 303 Calendar

**Wednesday, April 7, 2010**  **Hearing Room 303**

---

**10:00 am**
**Cont....**    **Variel Commons-DE, LLC**    **Chapter 11**

    In opposition, DIP notes that its managing member, Mr. Kaufman, operates DIP from California. All DIP's investors are California residents. This case will propose a plan of reorganization which will pay all creditors of the estate in full as there is equity. In the interest of justice, this case should remain in the present court.

    DIP also asserts that In re Donald's factors suggest transfer is improper. Even though most of the creditors are in Texas, both secured creditors have retained local counsel. The first lienholder, Capital One, has not joined the motion to transfer. The DIP, the related debtors, their management, owners, investors, counsel, tax advisors, and books and records are all located in California. As to the proximity of witnesses necessary to the administration of the estate, the only possible issue in this case will be how much interest must be paid to the creditors. This will be a 100% plan as there is plenty of equity to pay everyone. Moving the case to Texas will result in delay. Additionally, the factor regarding the need for further administration if liquidation ensues does not come into play because there will be no liquidation in this case. Finally, movant has reasonable access to the court in California.

    In reply, the movant states that the Debtor's only colorable argument is that Mr. Kaufman lives in and operates DIP from California. Bankruptcy is a collective process, and Mr. Kaufman's convenience does not outweigh the substantial inconvenience to the vast number of other interested parties. Given the due process concerns of assuring appropriate access to the court for all parties in interest, the case does not belong in California.

    Debtor mentions that Capital One and movant have retained local counsel but fails to address the other creditors based in Texas. As to Capital One's failure to join in the motion, its position is irrelevant and Capital One's claim was transferred to Intercontinental United Investment, an affiliate of Calsaro.

    Debtor does not provide any evidence to support its statement that all of its investors reside in California. As to the books and records being in California, such records are easily transmitted in the electronic age and their physical location should be entitled to little weight in choosing between two fora. In re B.L. of Miami, Inc., 294 B.R. 325, 333 (Bankr. D. Nev. 2003). Further, debtor's prediction that the only possible issue in this case will be the interest rate ignores the issue of valuation of the Texas property which will

---

United States Bankruptcy Court
Central District of California

San Fernando Valley

Judge Geraldine Mund, Presiding

Courtroom 303 Calendar

Wednesday, April 7, 2010             Hearing Room 303

10:00 am
Cont....   **Variel Commons-DE, LLC**        Chapter 11

potentially require Texas residents as witnesses.

proposed ruling:
Under the totality of the circumstances, it seems that transfer to Texas is appropriate. The property is located in Texas, as are all secured creditors and a vast majority of unsecured creditors. Potential witnesses are also located in Texas. It would be in the convenience of the majority of interested parties for the case to be transferred to Texas.

Although debtor contends that no real work will be done in Texas, this is simply not true. Debtor has filed an application to employ Texas counsel to deal with tenants and tenant defaults and to represent the debtor in a lawsuit brought against it by a tenant. Debtor has also hired a leasing agent.

Although the schedules show substantial equity in the property, there are several secured liens including a mechanics lien. The nature of most of the unsecured creditors are Texas businesses. With the exception of Mr. Kaufman's company, which has a "mezzanie loan," none of the unsecured creditors exceed $21,000.

The major argument against granting transfer of venue is that Mr. Kaufman would be inconvenienced since he lives in California. Mt. Kaufman has chosen to do business in Texas. The unsecured and mechanics lien creditors have no chosen to do business in California. Should there be issues in which creditors wish to participate or if they need to defend their claims, they would be foreclosed from doing so if the case remains here.

This is a Texas property, a Texas business, and has Texas creditors.
GRANT THE MOTION FOR CHANGE OF VENUE. IF THE OTHER TWO RELATED CASES FILE, THEY SHOULD ALSO BE TRANSFERRED TO TEXAS.

Party Information

Debtor(s):
     Variel Commons-DE, LLC           Represented By
                                          M Jonathan Hayes

Movant(s):
     Calsaro South Green, Ltd.           Represented By
                                          Ali M Mojdehi